IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUE LEE,

        Petitioner,                          No. CIV S-04-1277 DFL CMK

    vs.

C.W. HARRISON,

        Respondent.                    FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 14, 2004, respondent moved the court to dismiss this petition on the ground that this action is barred by the statute of limitations. To date, petitioner has not filed an opposition to this motion.[1]

        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted. The AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

[1] Pursuant to Local Rule 78-230(m), a party must file an opposition or a statement of non-opposition to a motion to dismiss. If a party fails to do so, the court may deem such action as a waiver and grant the motion. The court may also impose sanctions. In the present case, the court will decide respondent's arguments in his motion to dismiss.

1

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Section 2244 (d)(1) is applicable to all petitions filed after its effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Brown v. Roe, 279 F.3d 742, 743 (9th Cir. 2002).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner was convicted on August 8, 2001.

2. On December 17, 2002, the California Court of Appeal for the Third Appellate District, affirmed petitioner's conviction.

3. On January 17, 2003, petitioner filed a petition for review with the California Supreme Court.

4. On February 19, 2003, the California Supreme Court denied review.

5. On July 2, 2004, petitioner filed the instant action.

In the instant case, petitioner sought review and such review was denied on

1  February 19, 2003.  The judgment against petitioner became final on May 16, 2003, the day the
2  ninety-day period that petitioner had following the denial of review to file a writ of certiorari to
3  the United States Supreme Court, expired.  Accordingly, under the AEDPA, petitioner's federal
4  petition was due within the one year-no later than May 16, 2003.  As previously stated, petitioner
5  filed this action on July 2, 2004, more than one year after the statute of limitations period had
6  expired.

7         Petitioner does not make any arguments in opposition to respondent's motion to
8  dismiss.

9         In accordance with the foregoing, this court finds 28 U.S.C. § 2244(d)'s statute of
10  limitations period expired well before petitioner filed the instant petition for federal habeas
11  corpus relief.  No argument has been made that the limitations period was tolled.  Therefore,
12  respondent's motion to dismiss should be granted.

13         In addition, IT IS HEREBY RECOMMENDED that respondent's motion to
14  dismiss filed October 14, 2004, be granted;

15         These findings and recommendations are submitted to the United States District
16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
17  days after being served with these findings and recommendations, any party may file written
18  objections with the court and serve a copy on all parties.  Such a document should be captioned
19  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
20  shall be served and filed within ten days after service of the objections.  The parties are advised
21  that failure to file objections within the specified time may waive the right to appeal the District
22  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
23  DATED:  August 8, 2005.

                                        /s/ Craig M. Kellison
                                  **CRAIG M. KELLISON**
                                  UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26